UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. LOCKHART,

Plaintiff,

v.

ALAMEDA COUNTY COURT, et al.,

Defendants.

Case No. 19-cv-04055-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. Nos. 15 and 16

## INTRODUCTION

Plaintiff Michael Lockhart is a California state prisoner serving a sentence of 25 years to life, imposed following his convictions for drug offenses. In this 42 U.S.C. § 1983 federal civil rights action, he asks this federal court to intervene in the state's handling of his current resentencing proceedings.[1] I am obligated to conduct a preliminary screening of this case to insure that a plausible claim is stated, and it is clear that none is.

---

[1] The original complaint speaks of a "Prop 36 hearing," (Compl., Dkt. No. 12 at 1), while the amended complaint mentions Proposition 57, (Am. Compl., Dkt. No. 15 at 3). Proposition 36, now codified as Cal. Penal Code § 1170.126, is the "Three Strikes Reform Act of 2012," which "seeks to remedy the harshness of the Three Strikes Law both prospectively and retroactively." *Clayton v. Biter*, 868 F.3d 840, 842 (9th Cir. 2017). Simply put, the third strike must be, except for some minor exceptions, a serious or violent felony. For those sentenced prior to enactment, there is a provision entitling prisoners with a non-serious and non-violent third strike to petition for resentencing.

Federal courts must abstain from interfering with ongoing criminal proceedings in state court, such as Lockhart's state resentencing hearing. Accordingly, this matter will be dismissed.[2]

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

---

[2] This is not Lockhart's first challenge to such proceedings. In 2017, he asked this Court to remove his attorney (from what appears to have been another resentencing proceeding) and transfer his state proceedings to another venue. *Lockhart v, Sherrer*, 17-cv-03668-JCS. That 42 U.S.C. § 1983 suit was dismissed on *Younger* abstention grounds. (*Id.*, Dkt. Nos. 10 and 11.)

2

color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his original complaint, Lockhart asked that I remove the Alameda District Attorney from his resentencing proceedings or change the venue of his resentencing, or both. (Compl., Dkt. No. 12 at 3-4.) He alleges that the district attorney has engaged in "misconduct" and "obstruction of justice." (*Id.* at 3.) In his amended complaint, his allegations are much the same: the district attorney is allegedly engaging in misconduct.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances (such as bad faith or harassment). *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is appropriate when (1) there is "an ongoing state judicial proceeding," (2) those "proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Abstention is appropriate here because all the elements of *Younger* are present. The record demonstrates that Lockhart's state court proceedings are ongoing, which satisfies the first *Younger* requirement. The second *Younger* element is also present: the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, there is no reason that Lockhart cannot pursue his constitutional claims in state court.

In addition, any interference by this court in the state court proceedings would enjoin or have the practical effect of enjoining state proceedings, results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Nothing in the complaint suggests there are extraordinary circumstances requiring my interference in state court proceedings. *Younger* abstention is applicable, requiring me to dismiss Lockhart's case.

## MOTIONS

Lockhart filed two pending motions in addition to the complaint. His motion for an injunction "compelling DA from case" is DENIED as moot. (Dkt. No. 15.) His motion to proceed *in forma pauperis* (IFP) is also DENIED as moot (Dkt. No. 16.); I already granted his prior IFP motion. (Dkt. No. 8.)

## CONCLUSION

Lockhart's federal civil rights suit is DISMISSED. Lockhart's motions for an injunction and to proceed IFP are DENIED as moot.

If Lockhart wishes to challenge the result of his state proceedings in federal court, he may file a petition for writ of habeas corpus after he has exhausted his state court remedies.

The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 8, 2020



WILLIAM H. ORRICK
United States District Judge